**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

CATHLEEN TIBBETTS,   Case No. 1:12-cv-894

      Plaintiff,   Beckwith, J.
                                   Bowman, M.J.
  v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

**REPORT AND RECOMMENDATION**

Pursuant to local practice, this social security case has been referred to the undersigned magistrate judge for initial review and a report and recommendation. On November 12, 2013, the undersigned recommended that this case be reversed and remanded, pursuant to sentence four of 42 U.S.C. §405(g). No objections to that Report and Recommendation ("R&R") were filed, and it was adopted as the opinion of the Court on December 9, 2013. (Docs. 16, 17).

On March 7, 2014, Plaintiff filed a motion seeking a total of $3,423.75 in attorney's fees and costs pursuant to the Equal Access for Justice Act ("EAJA"). (Doc. 19). On March 28, 2014, the parties filed a joint Stipulation, representing their agreement that Plaintiff is entitled to a fee award in the amount of $2,928.75 under the EAJA, for all "fees, costs, and expenses under 28 U.S.C. §2412." (Doc. 20). The parties' stipulation suggests that, "if" counsel can verify that Plaintiff owes no pre-

existing debt to the United States that is subject to offset, then Defendant will direct that the award be made payable to Plaintiff's attorney pursuant to the attorney's fee assignment signed by Plaintiff.

The undersigned is persuaded by recent published decisions of a growing consensus of courts within the Sixth Circuit that "[u]nder *Ratliff*, the proper course is to award fees directly to Plaintiff and remain silent as to the direction of those fees." *Oliver v. Com'r of Soc. Sec.*, 916 F.Supp.2d 834, 836-838 (S.D. Ohio 2013)(collecting cases and quoting *Cornell v. Com'r of Soc. Sec.*, 2:11-cv-97, 2012 U.S. Dist. LEXIS 6115, at *6-7 (S.D. Ohio May 2, 2012)); *see also Cox v. Astrue*, 917 F. Supp.2d 659 (E.D. Ky. 2013)(holding that under *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), fees should be paid to litigants regardless of whether the Commissioner shows that the plaintiff owes a federal debt or not).

The issue of Plaintiff's assignment is a matter of contract law not presented as a dispute before this Court. The fee award made by this Court neither bars the United States from honoring a valid assignment, nor prevents it from disputing it. Although the undersigned has included language in prior R&Rs suggesting that the United States "may" pay the fee directly to counsel once it confirms that no debt is owed,[1] even that language exceeds the scope of the dispute before this Court and may improperly suggest an opinion about an unconsidered issue. *Compare, e.g. Cox,* 917 F.Supp.2d at 662 (holding that "any assignment of an EAJA award that predates the actual award of

---

[1] Whether Plaintiff owes a federal debt can be definitively determined only by the United States.

fees is void" under the Anti-Assignment Act, additional citations omitted).  Based upon the referenced reasoning, the undersigned has declined to include language that specifies an alternate payee of such fee awards, in her most recent R&Rs concerning EAJA petitions.  *See, e.g., Short v. Com'r of Soc. Sec.*, Civil Case No. 1:12-cv-574-SJD (Docs. 18, 19, R&R concerning EAJA stipulated fee award filed on December 2, 2013 and adopted on December 6, 2013).

It is therefore **RECOMMENDED THAT:**

1. Plaintiff's motion for fees (Doc. 19) be DENIED as moot in light of the parties' later filed joint stipulation of fees;

2. Pursuant to the parties' stipulation (Doc. 20), Plaintiff be awarded the total sum of $2,928.75 in attorney's fees and costs under the Equal Access to Justice Act ("EAJA").

                                                   *s/ Stephanie K. Bowman*
                                                   Stephanie K. Bowman
                                                   United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CATHLEEN TIBBETTS,                       Case No. 1:12-cv-894

       Plaintiff,                               Beckwith, J.
                                                Bowman, M.J.

   v.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4