UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CATHLEEN TIBBETTS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:12-cv-894

Beckwith, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff has filed an unopposed motion seeking an award of attorney's fees under 42 U.S.C. §406(b). Pursuant to local practice, the motion for attorney's fees and costs has been referred to the undersigned magistrate judge. For the reasons that follow, I recommend that the motion be GRANTED, but that the fee requested by counsel be reduced.

**I. Background**

In December 2008, Plaintiff applied for both Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI"), alleging disability due to multiple physical ailments and depression, with an onset date of October 28, 2007. Plaintiff's application was denied in March 2011 after an evidentiary hearing before an ALJ. On November 19, 2012, Plaintiff filed a judicial appeal of that adverse decision in this Court, pursuant to 42 U.S.C. §405(g).

On November 12, 2013, the undersigned recommended that this case be reversed and remanded, pursuant to sentence four of 42 U.S.C. §405(g), on grounds

that the ALJ's decision was not supported by substantial evidence. Multiple grounds existed for remand, well-supported by a 31-page Statement of Errors, and the undersigned noted that it was a "close" case as to whether the Court should simply direct the award of benefits. (Doc. 16). That report and recommendation ("R&R") was adopted by the presiding district judge on December 9, 2013. (Doc. 17). Following the entry of judgment on the same day, the above-captioned case was closed. (Doc. 15). Plaintiff sought an attorney's fee award under the Equal Access for Justice Act ("EAJA") shortly after judgment was entered, and was subsequently awarded $2928.75 pursuant to a joint stipulation. (Docs. 19-22).

Following remand, proceedings at the administrative level continued until on or about February 17, 2015, when Plaintiff received a Notice of Award stating that additional review had resulted in a determination of disability, and that she would receive benefits retroactive to July 2010. The total amount of past due benefits was calculated to be $88,590.00, through December 2014. (Doc. 24-4 at 3). Approximately a week after receipt of the Notice of Award, on February 26, 2015, Plaintiff's counsel filed a motion in this Court seeking an award of attorney's fees pursuant to 42 U.S.C. §406(b). (Doc. 20).

Plaintiff's motion reflects that Plaintiff signed a contingency fee contract on November 16, 2012, in which she agreed to pay 25% of any award of back due benefits that resulted from a successful appeal in federal court. (Doc. 24-2 at 1). Plaintiff's §406(b) motion seeks a judicial determination that counsel is entitled to an award of $14,000.00 under the contingency fee contract. The Notice of Award advises the claimant and counsel that the Social Security Administration has withheld the amount of $16,147.50 from the substantial award of past-due benefits, "in case your lawyer asks

2

the Federal Court to approve a fee for work that was done before the Court." (Doc. 24-4 at 3). Plaintiff's motion acknowledges that, should this Court award counsel a fee pursuant to §406(b), counsel will refund to Plaintiff the prior award of EAJA fees for the same work, as required under controlling Sixth Circuit case law.

## II. Analysis

### A. Relevant Provisions for Payment of Attorney's Fees

Prior to turning to the motion at hand, it is useful to briefly review the three statutory provisions that provide for the payment of attorney's fees to counsel who practice before the Social Security Agency at the administrative level, or who successfully appeal adverse social security decisions to this Court. First, the EAJA, which broadly applies outside of the social security context, authorizes this Court to require the United States to pay an award of attorney's fees and costs to a "prevailing party" in a civil action brought against the United States or one of its agencies or officials. *See* 28 U.S.C. §2412(d)(1)(A). A plaintiff who wins a remand of his social security appeal is considered to be a "prevailing party," regardless of whether benefits are ultimately awarded  An EAJA fee award has no impact upon a claimant's future award of benefits, because the award comes from the Social Security Administration. By statute, an EAJA motion must be filed within 30 days of the date that final judgment is entered by this Court. 28 U.S.C. §2412(d)(1)(b); (d)(2)(G).

Two additional fee provisions are contained in the Social Security Act itself. For work performed by counsel at the administrative level, 42 U.S.C. §406(a) provides for payment of fees, generally up to $6,000.00. The referenced provision authorizes payment to both attorneys and to non-attorney representatives, as the title reflects, "for representation before [the] Commissioner of Social Security." Because §406(a) is

3

designed to pay for work performed at the administrative level, it is the Commissioner of the Social Security Agency, and not this Court, that is authorized to make those awards. *See generally Cohn Law Firm v. Astrue*, 968 F. Supp.2d 884 (W.D. Tenn. 2013)(granting summary judgment to Commissioner where Plaintiffs filed suit under the Mandamus Act to compel Commissioner to pay additional fees under §406(a)).

Last, federal courts are authorized to pay attorney's fees under 42 U.S.C. §406(b), up to the statutory maximum of 25%, for work performed in federal court during the judicial appeal of an adverse administrative decision. In contrast to the EAJA which authorizes fees for obtaining remand to the agency even if no benefits are ever awarded, a §406(b) fee can be awarded <u>only</u> when the agency awards benefits to the plaintiff after remand. Also in contrast to the EAJA, §406(b) fees come directly out of the successful claimant's award, thereby reducing his or her benefits, and generally must be supported by a fee agreement. Unlike the EAJA, §406(b) does not contain a statutory time limit for filing the motion, but instead is governed by the general time limit for filing a motion for fees contained in Rule 54(d)(2), Fed. R. Civ. P.

Despite the differences between the statutory provisions, Congress has made clear that an attorney may not obtain a double-recovery for the same work. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S. Ct. 1817 (2002); *see also Jankovich v. Bowen*, 868 F.2d 867, 871 n. 1 (6th Cir. 1989). Thus, in cases where an attorney first receives an EAJA award and then subsequently seeks an award under §406(b), he or she is required to remit to the claimant the smaller of the two awards. *Id.* Additionally, the total fee award made under the combination of §406(a) and §406(b) may not exceed 25% of the total award of past benefits.

B. Merits of Motion

1. Timeliness

Even though the Commissioner has not filed any response in opposition to Plaintiff's motion, this Court has an affirmative duty under *Gisbrecht* and related Sixth Circuit authority to examine the "reasonableness" of the amount of fees sought under §406(b). That affirmative duty includes an examination of the timeliness of the motion.[1] As the undersigned has frequently noted, and as implicitly adopted by the Sixth Circuit in the recently published case of *Lasley v. Com'r of Soc. Sec.*, 771 F.3d 308 (6th Cir. 2014), a motion for attorney's fees under §406(b) generally must be filed within 14 days of receipt of the Notice of Award. Counsel is to be commended for timely filing her motion under this standard.

2. The Case for a Reduction in the Fee Award

As has been discussed by this Court and others, the Commissioner has little incentive to file any response at all to a §406(b) motion given that fees for such an award are not borne by the Commissioner (as with EAJA fees), but instead are subtracted from an award previously made to the claimant. Even when a response is

---

[1] While some courts have amended their local rules to better articulate the deadline for filing §406(b) motions, most courts have applied the doctrine of equitable tolling to construe the date of the Notice of Award as the operative "judgment" date under Rule 54(d)(2). *See, e.g., Walker v. Astrue*, 593 F.3d 274, 276 (3rd Cir. 2010*); Reynolds v. Com'r of Soc. Sec.*, 292 F.R.D. 481, 484-485 (W.D. Mich. 2013); *Bentley v. Com'r of Soc. Sec.*, 524 F. Supp.2d 921, 924 (W.D. Mich. 2007)(applying equitable tolling and Rule 54(d)(2) on facts presented); see also, generally, *Lasley v. Com'r of Soc. Sec.,* Case No. 1:10-cv-394-SJD, 2013 WL 3900096 (S.D. Ohio, July 29, 2013), adopted by Dlott, J. at 2013 WL 6147841, *aff'd* 771 F.3d 308 (6th Cir. 2014); *Boston v. Com'r of Soc. Sec.*, Case No. 1:10-cv-408-HRW, R&R adopted at 2014 WL 1814012 (S.D. Ohio, May 7, 2014); *Proctor v. Com'r of Soc. Sec.*, Case No. 1:09-cv-127-SSB, 2013 WL 308730 (S.D. Ohio Jan. 25, 2013), adopted at 2013 WL 607968 (Feb. 19, 2013); *Willis v. Com'r of Soc. Sec.*, Case No. 1:10-cv-594-MRB, 2013 WL 4240835 (S.D. Ohio, Aug. 14, 2013), *adopted as modified in part*, 2014 WL 2589259 (S.D. Ohio, June 10, 2014); *Cyrus v. Com'r of Soc. Sec.*, Case No. 1:11-cv-234-MRB, R&R adopted at 2014 WL 5432123 (S.D. Ohio, Oct. 27, 2014); *Wallace v. Social Security,* Case No. 1:09-cv-382-SSB, 2013 WL 3899964 (S.D. Ohio, July 28, 2013), adopted at 2013 WL 4517772 (Aug. 26, 2013).

5

filed by the Commissioner, it often expresses no position.[2]

On the other hand, by statutorily capping contingency fee awards in social security cases at 25%, Congress has attempted to protect often-desperate plaintiffs from giving up too much of their future benefit awards for the sake of obtaining legal representation. The Sixth Circuit has explained that §406(b) includes a directive to the federal courts to affirmatively examine the "reasonableness" of any fee award up to that maximum. The court has emphasized that the 25% statutory cap should not be "viewed as per se reasonable" and instead, should be "a starting point for the court's analysis." *Rodrizuez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). Thus, federal courts must balance the rights of counsel to a fair fee with the need to safeguard the rights of litigants whose interests are necessarily adverse to those of counsel in the limited context of a §406(b) award. *See generally Gisbrecht v. Barnhart*, 535 U.S. at 807-809 (holding that courts must review contingent fee agreements in social security cases to assure that they yield "reasonable results in particular cases.").

An attorney seeking fees under §406(b) "must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered." *Lowery v. Com'r of Soc. Sec.*, 940 F. Supp.2d 689 (S.D. Ohio 2013)(*citing Gisbrecht*, 535 U.S. at 807). A contingency fee award may be reduced if counsel was incompetent or ineffective, but that obviously would rarely be the case in cases in which counsel has obtained benefits for his or her client after winning a remand in this Court. However, under *Gisbrecht*, a "downward adjustment"

---

[2] *See, e.g., Childres v. Com'r of Soc. Sec.*, Case No. 1:09-cv-173-MRB, Response at Doc. 22, stating: "The Commissioner states that he has no financial stake in the matter, and no objection to Plaintiff's §406(b)] motion."

also is warranted to avoid a "windfall" - when the amount of benefits is large in comparison to the amount of time counsel spent on the case. *Id.* at 808; *see also Lowery* (approving unopposed request for contingency fees based well-supported motion that represented significant voluntary reduction to just 14.5% of the past-due benefits award); *accord Reynolds, supra* at *4 (noting counsel's "request of approximately 17% of his client's past-due benefits award [represents] a significant discount from his agreed-upon contingency fee).

A full contingency award constituting 25% of the past due benefits may constitute a windfall in cases where the total award is large due chiefly to the passage of time – even (as is usually the case) when the delay is not attributable to counsel but instead merely results from the slow wheels of justice and inevitable delays occasioned within the social security agency itself. *Accord Dearing v. Sec. of Health and Human Servs.*, 815 F.2d 1082 (6th Cir. 1987); *Boston v. Com'r of Soc. Sec.*, 2014 WL 1813012 at *1 ("Courts are generally reluctant to award large contingency fees in social security cases in which the chief reason for the size of the award is the ponderous pace of the administrative process."); *Wallace, supra* ("[B]y definition, litigants who have been determined to be entitled to Title II disability benefits may be especially vulnerable to the imposition of exorbitant fees, particularly given the near certainty that years will have elapsed between their initial applications, remand by this Court, and the ultimate award of benefits.").

Turning to the record presented, Plaintiff's motion is supported by a short memorandum that details counsel's time records from her file review shortly before filing the judicial appeal in this Court, through February 11, 2014, just after this Court issued its decision. Counsel expended a total of 20 hours, somewhat less than the average

amount of time for such cases.[3] Dividing those hours into the total fee sought by the number of hours expended yields a hypothetical hourly rate of $700.00.

Counsel represents that her standard rate is $165 per hour. In *Boston v. Com'r of Soc. Sec.*, the Court surveyed a representative sample of recent cases within this district and noted: "In recent social security cases, this Court has indicated that $350 to $360 per hour represents a "per se reasonable" fee under §460(b), because those hourly rates fall within the twice-the-standard-rate presumption of *Hayes*." *Id.* at *2. In *Wallace*, the undersigned noted the same "floor" established by *Hayes. v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421-22 (6th Cir. 1990). And again in *Lasley*, affirmed by the Sixth Circuit, the undersigned cited *Hayes* for the "presumed reasonableness" of §406(b) fee awards that amount to "less than twice the standard rate," and for the proposition that "a hypothetical hourly rate that is equal or greater than twice the standard rate may well be reasonable." *Lasley*, 771 F.3d at 309 (quoting the R&R and *Hayes*, 923 F.2d at 422). In its affirmance of *Lasley*, the Sixth Circuit confirmed that its precedent clearly "accords a rebuttable presumption of reasonableness to contingency-fee agreements that comply with § 406(b)'s 25–percent cap." *Lasley*, 771 F.3d at 309 (citing *Hayes v. Sec'y of Health & Human Servs.,* 923 F.2d 418, 421 (6th Cir.1991); *Rodriquez v. Bowen,* 865 F.2d 739, 746 (6th Cir.1989) (en banc)). At the same time, *Lasley* held that "[n]othing in *Hayes* prevents a court from *considering* arguments rebutting the presumption of reasonableness." *Id..* In fact, *Lasley* pointed out that the Supreme Court in *Gisbrecht* "elides strict presumptions altogether." *Id.* (noting that *Gisbrecht* instructed courts to consider standard rates,

---

[3]Although only fees for time spent in federal court may be included in any award made pursuant to 42 U.S.C. §406(b), the undersigned finds the .75 hours spent in pre-filing review to be so de minimis that no subtraction of the claimed hours is required.

8

focusing on reasonableness and avoiding windfalls, and quoted the claimants' concession that §406(b) "does not create any presumption in favor of the agreed upon amount.").

In *Lasley*, the undersigned reduced counsel's claimed fee from a hypothetical hourly rate of $733 to a hypothetical rate of $360 per hour - in part due to counsel's delay in filing his §406(b) motion. In addition to counsel's delay in filing his §406(b) motion in that case, the undersigned cited the extremely high claimed hourly rate which was more than quadruple the standard EAJA rate, the opposition of the Commissioner (ordinarily a disinterested party to §406(b) motions), the lack of any offer to negotiate or reduce the fee to the benefit of the Plaintiff in order to reduce the likelihood of a windfall to counsel, the relative brevity of representation, and the relative simplicity of the claim presented to this Court.

Some of these same factors – but not all – apply to the record in this case. Unlike in *Lasley*, counsel admirably filed her motion for fees approximately a week after receipt of the Notice of Award. In addition, the Commissioner has filed no opposition. Moreover, the fee that counsel seeks – a total of $14,000.00 – is somewhat less than the amount she could seek under her contingency agreement and the statute. Adding the claimed §406(b) fee to the $6,000.00 fee that counsel has already received for her work at the administrative level yields a total of $20,000 – less than the statutory maximum 25% fee of $22,146.50.

Nevertheless, the calculated hourly rate of $700 far exceeds (by more than quadruple) counsel's standard hourly rate of $165, and is roughly double the hourly rate that this Court has most frequently found to be "reasonable" in §406(b) cases. Such an extremely high hourly rate – due here to the passage of time from the original disability

9

onset date until the present – should be closely scrutinized for reasonableness. Counsel advocates for such a high rate on grounds that she "did not delay the case in federal court." (Doc. 24 at 3).[4] While a true statement, it would be rare for any significant passage of time in most social security cases to be attributable to counsel's conduct in this Court. Rather, as discussed above, courts have considered a windfall to occur when the size of the benefits award has grown due to the "ponderous pace of the administrative process." *Boston*, 2014 WL 1813012 at *1; a*ccord Dearing v. Sec. of Health and Human Servs.*, 815 F.2d 1082 (6th Cir. 1987); *Wallace, supra.* On the other hand, in cases such as this one where counsel has achieved an excellent result for her client, has made some offer to compromise her fee, and has demonstrated an efficient use of hours despite relatively complex issues, it is arguable that a higher-than-usual rate should be awarded without amounting to a "windfall."

Based on the entirety of the record herein, the undersigned concludes that the claimed fee of $14,000 should be slightly reduced, to $12,000, in order to avoid a windfall. The sum of $12,000 for the 20 hours that counsel expended still amounts to a calculated hourly rate of $600, approximately 70% greater than the usual hourly fee awarded by this Court for contingency fee awards made under §406(b), and more than 3.5 times counsel's standard hourly rate. When added to the $6,000 that counsel has already received for her work at the administrative level, the total fee award will exceed 20% of the substantial past due benefits award. In exercising the discretion that is

---

[4]Counsel also cites *Pickett v. Astrue*, 3:10-cv-177, in which U.S. District Judge Timothy S. Black granted her unopposed motion for a §406(b) fee that reflected a similar hourly rate of $709. Judge Black acknowledged that the award could be perceived as a "windfall," but reasoned that Plaintiff had voluntarily entered into the contingent fee agreement, that counsel had assumed a substantial risk of non-payment, and that counsel had not caused any delay in the disposition of the case in this Court. The undersigned is well aware of the lack of uniformity in the case law involving §406(b) fees within this district, and the Sixth Circuit at large. Some case-to-case discrepancies are to be expected due to the unique factors that apply to a trial court's discretionary review of each case.

required to this case, the undersigned finds the recommended award to be a "reasonable" fee that reflects the balance of considerations and factors required under controlling Supreme Court and Sixth Circuit case law.

### III.  Conclusion and Recommendation

For the reasons discussed herein, **IT IS RECOMMENDED THAT**:

Plaintiff's unopposed motion for a fee award pursuant to 42 U.S.C. §406(b) (Doc. 24) should be GRANTED, but the amount sought should be reduced from $14,000.00 to $12,000.00.  Because counsel has already received an EAJA award of $2928.75, which otherwise would be remitted by counsel to Plaintiff since a greater fee under §406(b) is being awarded for duplicate work in this Court, IT IS FURTHER RECOMMENDED THAT counsel be awarded a total of $9071.25 ($12,000.00 - $2928.75) out of Plaintiff's award of past-due benefits.  Such an award will expedite the time in which Plaintiff and her counsel will both receive the full awards due to them, by avoiding the need for counsel to remit the EAJA fee to her client.

          *s/ Stephanie K. Bowman*
          Stephanie K. Bowman
          United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

CATHLEEN TIBBETTS,            Case No. 1:12-cv-894

    Plaintiff,                                      Beckwith, J.
                                                          Bowman, M.J.

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).